UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

RACHEL HILLARY TRUMP,            )
                                 )
       Plaintiff,             )
                                 )
v.                               )    No. 2:17-CV-42 DDN
                                 )
BILL MORGAN, et al.,             )
                                 )
       Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court upon the request[1] of plaintiff Rachel Hillary Trump (registration no. 357387), an inmate at Women's Eastern Reception Diagnostic Correctional Center ("WERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

---

[1] Although plaintiff has not filed a separate motion to proceed in forma pauperis, she was granted provisional leave to proceed in forma pauperis by the United States District Court for the Western District of Missouri prior to the case being transferred to this Court. Furthermore, plaintiff has stated in both her complaint and in her correspondence that she lacks the funds to pay the full filing fee in this matter.

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a letter stating that she has been unable to obtain a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of her prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner=s finances."). If plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her prison account statement in support of her claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her civil rights. Plaintiff names two individuals as defendants in this action: Bill Morgan, Functional Unit Manager and Cynthia Johnson, Mental Health Counselor for Gateway at WERDCC. Plaintiff brings her claims against defendants in both their official and individual capacities.

Plaintiff states that she was denied "assistance" and "proper mental health treatment" by the Missouri Department of Corrections and Gateway when she was in a Long Term Treatment Program run through the Missouri Department of Corrections and Gateway Foundation, Inc. Plaintiff states that when she first asked to be moved away from another inmate whom she refers to as a "sexual predator," she was told no by Bill Morgan. She claims that after she had a "mental breakdown" due to the "constant harassment," "mental health" intervened and the other offender was finally moved away from plaintiff.

However, plaintiff claims that knowing about plaintiff's complaints against the offender, Counselor Cynthia Johnson used the offender to harass plaintiff in front of other offenders by purposefully instigate personal encounters with plaintiff in front of other offenders and intentionally allowing the offender to belittle, sexually harass and berate plaintiff.

Plaintiff claims she "demanded help" by asking to report Johnson's behavior by filing an IRR, but Bill Morgan refused to allow her to file the IRR, and when he finally allowed her to fill out the IRR, he gave her a false conduct disorder. Plaintiff states that she was thereafter kicked out of the treatment program for receiving her third conduct disorder.

In her request for relief, plaintiff asks that the Court "prove she was violated and treated unfairly under the PREA Act." Plaintiff also states that she is still in prison because she stood up for herself. Plaintiff also seeks monetary damages.

**Discussion**

The Court will issue process on plaintiff's individual capacity claims under the 8th Amendment against defendants Morgan and Johnson for purportedly failing to protect plaintiff from the alleged "sexual predator" and provide her with the proper mental health treatment relating to her injuries from the alleged "mental break down."

The Court will also issue process on plaintiff's claim against defendant Johnson in her individual capacity for cruel and unusual punishment under the Eighth Amendment by purposefully using an offender to belittle and sexually harass and berate plaintiff.

Last, the Court will issue process on plaintiff's claim against defendant Morgan in his individual capacity for retaliation under the First Amendment retaliation.

The Court, however, will dismiss plaintiff's claims against defendants brought against them in their official capacity. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. In this case, plaintiff's claim against Bill Morgan in his official capacity is truly a claim against the State of Missouri. *Will v. Michigan Dep=t of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As such, plaintiff's official capacity claim against Bill Morgan is subject to dismissal.

And plaintiff's claim against Cynthia Johnson in her official capacity is a claim against Gateway Foundation, Inc., which is a quasi-governmental entity doing business with MDOC, providing mental health services at WERDCC.

To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of Gateway Foundation, Inc. is responsible for the alleged constitutional violation. *Monell v. Dep=t of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Gateway Foundation, Inc.

was responsible for the alleged violations of plaintiff=s constitutional rights. As a result, plaintiff's official capacity claim against Cynthia Johnson is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Bill Morgan and Cynthia Johnson in their individual capacities. Defendant Bill Morgan, an employee of the Missouri Department of Corrections, shall be served in accordance with the Court's waiver of service agreement with the Missouri Attorney General's Office. Defendant Cynthia Johnson, an employee of Gateway Foundation, Inc., should be served through its registered agent: C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri, 63105.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Bill Morgan and Cynthia Johnson shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to Bill Morgan or Cynthia Johnson in their official capacities because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 25th day of October, 2017.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE