UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RACHEL HILLARY TRUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-42 CDP |
| | ) | |
| BILL MORGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss plaintiff's verified complaint for failure to state a claim upon which relief can be granted, and on plaintiffs' motions to appoint counsel. For the following reasons, the Court will deny the motion.

### **Factual Background from the Complaint**

Plaintiff, Rachel Hillary Trump, an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her civil rights. Plaintiff asserts that her Functional Unit Manager, Bill Morgan, and the Mental Health Counselor at WERDCC, Cynthia Johnson, denied her assistance and proper mental health treatment when she was in a Long Term Treatment Program at WERDCC.

In her verified complaint and in the accompanying documents attached to the complaint,[1] plaintiff alleges that she was attending a Long Term Treatment Program at WERDCC run through the Missouri Department of Corrections and Gateway Foundation, Inc. Defendant Cynthia Johnson was a mental health counselor for Gateway who worked at WERDCC in the Long Term Treatment Program, along with defendant Bill Morgan. Plaintiff asserts that during the treatment program, she came into contact with another inmate whom she describes as a "sexual predator." She claims she asked to be "moved away" from the "sexual predator," but Morgan refused that request. Plaintiff alleges that being sexually and mentally harassed on a daily basis by the "sexual predator" in the treatment program caused her to have a "mental breakdown." Plaintiff alleges that, at some point, someone in "mental health" intervened in the sexual harassment and moved the other inmate away from plaintiff.

Plaintiff alleges that Johnson knew about plaintiff's complaints against the inmate plaintiff identifies as the "sexual predator," yet actively used the inmate to harass plaintiff in front of other offenders. Plaintiff claims that Johnson intentionally instigated and allowed the alleged "sexual predator" to belittle, sexually harass and berate plaintiff in front of others.

---

[1] The Court accepts the allegations contained in the documents attached to the complaint as part of the pleading. *See* Fed.R.Civ.P.10(c).

Plaintiff alleges that she asked defendant Morgan if she could report Johnson's behavior by filing an Institutional Resolution Request ("IRR"). Morgan refused to allow her to file an IRR against Johnson. According to the documents attached to the complaint, it appears that plaintiff later filed an IRR against Morgan for his refusal to let her file an IRR against Johnson. She was ultimately terminated from the Long Term Treatment Program, purportedly because of conduct violations, but she alleges that Morgan issued those conduct violations in retaliation for her complaints about the IRRs. The documents indicated that her grievance related to her removal from the program was denied.

In her request for relief, plaintiff asks that the Court "prove she was violated and treated unfairly under the PREA Act." Plaintiff also states that she is still in prison because she stood up for herself, and she also seeks monetary damages.

Plaintiff filed her complaint against defendants in the United States District Court for the Western District of Missouri on June 9, 2017. The matter was transferred to this Court on June 26, 2017. [Doc. #3]. After conducting the frivolity review required by 28 U.S.C. § 1915, the Court concluded that plaintiff's complaint could proceed on the individual capacity claims. [Doc. #7]. In particular, the Court issued process on plaintiff's individual capacity claims under the Eighth Amendment against defendants Morgan and Johnson for allegedly failing to protect plaintiff from the inmate plaintiff identified in her complaint as the alleged "sexual predator" and on her claim that defendant Johnson used the

"sexual predator" offender to belittle and sexually harass plaintiff. The Court also issued process on plaintiff's claims against defendants for failing to provide proper mental health treatment to plaintiff relating to her purported "mental breakdown" that occurred as a result of the alleged failure to protect. Last, the Court issued process on plaintiff's claim against defendant Morgan for retaliating against plaintiff by falsifying a conduct violation against her and terminating her from the program after she filed a grievance against him. The Court, however, dismissed plaintiff's claims against defendants in their official capacities. [Doc. #9].

Defendant Morgan argues that plaintiff's allegations against him fail to state a claim upon which relief may be granted. In the alternative, Morgan states that he is entitled to qualified immunity. Defendant Johnson joined defendant Morgan's motion to dismiss, but she did not address plaintiff's claim that she used the other inmate to belittle and sexually harass plaintiff.

## Discussion

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) Fed.R.Civ.P., for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the

'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

Plaintiff's allegations invoke liability under the Eighth Amendment, which provides as follows.

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. Amend. VIII. The Eighth Amendment's protection of individuals against the infliction of cruel and unusual punishment is enforced against the states through the Fourteenth Amendment and guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832, (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27, (1984)).

To show that a prison official has violated the Eighth Amendment an inmate must show that: 1) she suffered a risk of "serious" harm; and 2) prison officials showed "deliberate indifference" to such risk. *Farmer*, 511 U.S. at 834.

In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but must also show that unwilling exposure to that risk violates contemporary standards of decency. In other words, the prisoner must show that the risk of which she complains is not one that today's society chooses to tolerate. *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

The second criterion, deliberate indifference, requires an inmate to show that the prison official had a sufficiently culpable state of mind. The Supreme Court clarified this deliberate indifference standard in *Farmer* as follows:

> We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation.... But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837–838.

Plaintiff sets forth three separate Eighth Amendment claims in her complaint: 1) failure to protect from the sexual predator; 2) deliberate indifference to her medical needs; and 3) defendant Johnson's alleged use of another offender to belittle and sexually harass plaintiff in the Long Term Treatment Program.

**1. Failure to Protect**

Plaintiff's allegations that defendant Johnson intentionally "instigated" the "sexual predator's" harassment, belittling and stalking of her, leading to her "mental breakdown," are sufficient to allege an Eighth Amendment violation. Similarly, her allegation that Morgan denied her request to file an IRR about the violations and refused to protect her is sufficient.

Although plaintiff does not allege that she was sexually assaulted by the other inmate, she alleges that she was harassed, belittled and stalked by a sexual predator, that she complained and asked for help, that defendant Johnson not only knew of this behavior but actually encouraged it. She alleges that this lead to her "mental breakdown." Additionally, Morgan knew and refused to take action to protect her from this harm, and in fact refused to allow her to file an IRR against Johnson.

Plaintiff has adequately alleged that she was incarcerated under conditions that imposed a substantial risk of harm to her mental health needs. She has alleged that both Morgan and Johnson knew that the other inmate was a threat to plaintiff's mental health and safety and were deliberately indifferent to that threat.

Defendant Morgan asserts that "plaintiff's unsupported assertions" of a "fear of a mental breakdown" are not enough to support the objective component of a deliberate indifference claim. He is incorrect. First and foremost, plaintiff's complaint is verified, and she has stated under oath the extent of her mental health issues. Plaintiff alleges that she actually suffered a "mental breakdown" as a result of the "sexual predator's" harassing behavior, which plaintiff claims was instigated and egged-on by defendant Johnson. During this time period, plaintiff was actively undergoing mental health treatment that was led by defendant Johnson, in addition to treatment that plaintiff was seeking in sessions from others outside of the Treatment Program.

These facts make it more likely that the type of harm plaintiff would suffer during this time period would be mental harm. Mental harm is recognized by case law as a serious medical need. *See, e.g., Hobbs v. Lockhart*, 46 F.3d 864, 869 (8th Cir. 1995) ("We cannot concluded that plaintiff's emotional distress was not an injury serious enough to be constitutionally cognizable.") (citing *Hudson v. McMillian*, 503 U.S. 1, 15-17 (Blackmun, J. concurring) ("'Pain' in its ordinary meaning surely includes a notion of psychological harm."); *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010) (noting that in order to show objective harm, a litigant must show an objectively serious mental or physical injury).

Under the second prong of the failure to protect analysis, "[a]n official is deliberately indifferent ... if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (quoting *Young*, 508 F.3d at 873) (alteration in original). Further, officials must possess a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This "describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Plaintiff's allegations meet that standard here. She alleges that she not only asked defendant Morgan to move her away from the "sexual predator" inmate who was sexually harassing her, but she also reported to Morgan that Johnson was

using the other inmate to belittle and sexually harass plaintiff during the Long Term Treatment Program. Morgan refused to transfer the other inmate away from plaintiff and also refused to allow plaintiff to file an IRR complaining about Johnson's involvement in the harassment. These assertions are sufficient to withstand a motion to dismiss.

**2. Deliberate Indifference to Plaintiff's Medical Needs**

Plaintiff asserts an Eighth Amendment claim alleging failure to provide adequate mental health treatment. Plaintiff must allege that she was suffering from a "serious medical need," and that defendants were deliberately indifferent to the serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). Courts look to whether the inmate "suffered from an objectively serious medical need" and to whether the official knew of the medical need but nevertheless disregarded it. *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014). Plaintiff's allegations of a "mental breakdown" allege a sufficiently serious condition to meet this standard, at least at this stage of the case.

Morgan asserts that there is nothing contained in plaintiff's allegations to causally connect him to the alleged denial of treatment for plaintiff's mental health needs. But in several places in plaintiff's verified complaint and attached exhibits, she asserts that she repeatedly asked defendant Morgan (and defendant Johnson) for assistance regarding her mental health needs as she was suffering "severe mental distress" from the sexual harassment, constant stalking, and belittling from

the "sexual predator." She has alleged that she was not assisted in those needs during that time period or after she was removed from the Treatment Program. Her allegations of untreated mental health needs resulting in a "breakdown" are sufficient at this stage of the litigation.

### 3. Eighth Amendment Claim Against Defendant Johnson

Defendant Johnson has not brought a separate motion to dismiss in this action, so she has not addressed plaintiff's claim that she deliberately caused the other inmate to belittle and sexually harass plaintiff. On its face, this allegation is sufficient to state an Eighth Amendment claim, and it will move forward against defendant Morgan at this time.

### 4. First Amendment Retaliation Claim

Plaintiff alleges that defendant Morgan retaliated against her by falsifying a conduct violation which lead to her termination from the Long Term Treatment Program after she filed a grievance against him. False conduct violations, by themselves, are not actionable under 42 U.S.C. § 1983. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983). However, plaintiff's claim against defendant Morgan is more than just a receipt of a false conduct violation, because she specifically alleges that Morgan gave her the false conduct violation in retaliation for her filing of an IRR against him.

A prisoner has a First Amendment right to petition the government to redress her grievances, and prison officials are precluded from penalizing a

prisoner for exercising those rights. *Nelson,* 603 F.3d at 449–50 (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989)). An action by a prison official made "in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir.1990).

A First Amendment retaliation claim must allege (1) that plaintiff engaged in protected activity, (2) that the defendant's actions caused an injury to the plaintiff that would chill a person of ordinary firmness from continuing to engage in the activity, and (3) that a causal connection exists between the retaliatory animus and the injury. *Small v. McCrystal*, 708 F.3d 997, 1008 (8th Cir.2013).

Plaintiff has properly alleged that she attempted to, and finally was able to, exercise her right to file an IRR against both defendants. She has also alleged that defendant Morgan's actions in failing to allow her to file an earlier grievance and in falsely issuing a conduct violation after she finally filed the grievance against him caused her to be terminated from the Program. These allegations sufficiently state a First Amendment retaliation claim.

### 5. Qualified Immunity

Defendants also argue that they are entitled to qualified immunity. "Qualified immunity is available to government officials if they have not violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Amrine v. Brooks*, 522 F.3d 823, 831 (8th Cir. 2008). "It

allows officers to make reasonable errors" and provides "room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id*. The Court must consider the facts in the light most favorable to the plaintiff. Generally, "qualified immunity is an affirmative defense, and it will be upheld on a Rule 12(b)(6) motion only where immunity is established on the face of the complaint." *Harris v. Kempker*, 1:15-CV-140 SNLJ, 2018 WL 3008304, at *5 (E.D. Mo. June 15, 2018), (citing *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)). However, the Supreme Court has repeatedly emphasized that qualified immunity is an immunity from suit that should be resolved "at the earliest possible stage in litigation" to ensure that insubstantial damage claims against government officials are resolved "prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (citations and quotations omitted). "When plaintiff has asserted a § 1983 claim requiring proof of wrongful motive, and defendant asserts a pre-discovery claim of qualified immunity, the district court 'may insist that the plaintiff put forward specific, nonconclusory factual allegations that establish improper motive.'" *Johnson v. Moody,* No. 17-2434, 2018 WL 4288366 at * 4 (8th Cir. Sept. 10, 2018) (quoting *Crawford-El v. Britton,* 523 U.S. 574, 598 (1988)).

Taking as true the allegations in the complaint, the Court cannot say that defendants are entitled to qualified immunity at this stage of the case. As set forth above, plaintiff has alleged that defendants violated her constitutional rights with

regard to the First and Eighth Amendments. Those rights were all clearly established, as noted by the case law set forth above. While plaintiff has not alleged exactly what it is that made the other inmate a "sexual predator" or what exactly the other inmate did to plaintiff that constitutes sexual harassment, belittling and stalking, her allegations, taken as true, are sufficient to withstand dismissal under Rule 12(b)(6). Defendants, of course, may wish to focus their discovery on these issues, and parties may always file summary judgment motions before the deadline set by the Case Management Order if they believe that is appropriate.

## Motions for Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in her complaint. However, she has demonstrated, at this point, that she can adequately present her claims to

the Court. She argues that many depositions are necessary in the case, but depositions are not the only form of discovery available to plaintiff. If she chooses to take depositions, she should be capable of doing so on her own. Additionally, neither the factual nor the legal issues in this case are complex. I will therefore deny the motions for appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [21] is **DENIED.**

**IT IS FURTHER ORDERED** defendants shall file their answers to plaintiff's complaint no later than twenty-one days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [27, 28] are denied without prejudice.

A Case Management Order is entered separately today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2018.